<u>UNITED STATES DISTRICT COURT</u>
<u>NORTHERN DISTRICT OF NEW YORK</u>

CARLTON B. WILLEY,

                              Plaintiff,

    -against-                                               1:21-CV-877 (LEK/DJS)

TOWN OF CLIFTON PARK, *et al.*,

                              Defendants.

## **MEMORANDUM-DECISION AND ORDER**

### I.    INTRODUCTION

Plaintiff Carlton B. Willey has filed a complaint alleging tort claims flowing from a series of sexual assaults that occurred while he was an elementary school student participating in a youth recreational soccer program. Dkt. No. 1 ("Complaint"). Plaintiff brings these claims against the Town of Clifton Park ("Town"), see id. ¶ 10; the Clifton Park Soccer Club, Inc. ("Club"), see id. ¶ 14; Peter Clinton, a co-founder and/or employee of the Club ("Clinton"), see id. ¶ 19; John Walsh, a co-founder and/or employee of the Club ("Walsh"), see id. ¶ 20; Peter Sands, a co-founder and/or employee of the Club ("Sands"), see id. ¶ 21; and Richard Paul Keefer, an assistant coach of the Club ("Keefer"), see id. ¶ 23.

Currently before the Court is the Town's motion to dismiss for failure to comply with discovery demands, filed pursuant to Federal Rules of Civil Procedure 37 and 41(b). Dkt. No. 73-10 ("Motion"). Plaintiff has filed a response, Dkt. No. 74-1 ("Response"), and the Town has filed a reply, Dkt. No. 75. For the reasons discussed below, the Town's Motion is denied.

### II.    BACKGROUND

    **A. The Complaint**

1

The following relevant facts are set forth as alleged in the Complaint.

When he was thirteen years old, Plaintiff participated in a youth recreational soccer league in Clifton Park, New York, managed by the Club, Clinton, Walsh, and Sands. See Compl. ¶¶ 26–27. Keefer served as an assistant coach in the soccer league. See id. ¶ 28. While in his position as an assistant coach, Keefer "began grooming Plaintiff with the ultimate goal of sexually harassing, molesting, and repeatedly abusing Plaintiff." Id. ¶ 32. "Between June 28, 1978 and July 26, 1978, [ ] Keefer sexually and traumatically abused, molested, and raped Plaintiff on at least five occasions, by groping and fondling Plaintiff's genitals, taking pictures of Plaintiff in various states of undress, forcing Plaintiff to perform oral sex and handjobs on [ ] Keefer, forcibly performing oral sex on Plaintiff, forcing Plaintiff to observe [ ] Keefer masturbate, and rubbing his erect penis and genitals on Plaintiff's bare buttocks and intergluteal cleft." Id. ¶ 34. Keefer "also brought out and exposed Plaintiff for the first time in his life to pornographic magazines, sexual videos, and naked pictures." Id. ¶ 35. The incidents left Plaintiff "frozen, in disbelief, numb, in extreme emotional and mental pain, scared, ashamed, and in shock." Id. ¶ 37. After each incident, Keefer "threatened Plaintiff not to tell anybody about the sexual abuse and molestation," causing "Plaintiff to be in imminent fear of his safety due to the threat of retaliation if Plaintiff was to tell anybody of the sexual abuse and molestation." Id. ¶¶ 38–39.

On or about July 27, 1978, Plaintiff filed a complaint with the Clifton Park Police Department. See id. ¶ 40. Plaintiff alleges that the Town failed to comply with mandatory reporting requirements and "otherwise failed to protect and care for Plaintiff," id. ¶ 42, preventing Plaintiff from receiving "much-needed counselling, care, and psychological assistance that more likely than not would have resulted in a better life outcome," id. ¶ 47.

2

Plaintiff alleges numerous challenges linked to the abuse, including struggles with his identity, ability to maintain relationships, and ability to achieve full enjoyment of life. See id. ¶¶ 50–52.

Plaintiff alleges the following claims: (1) intentional infliction of emotional distress against all Defendants, see id. ¶¶ 53–59; (2) negligent infliction of emotional distress against all Defendants, see id. ¶¶ 60–65; (3) breach of duty of care to protect Plaintiff from foreseeable harm against all Defendants, see id. ¶¶ 66–74; (4) negligent hiring and retention against the Town, Club, Clinton, Walsh, and Sands, see id. ¶¶ 75–80; (5) negligent supervision against the Town, Club, Clinton, Walsh, and Sands, see id. ¶¶ 81–89; (6) negligent misrepresentation against the Town, Club, Clinton, Walsh, and Sands, see id. ¶¶ 90–99; (7) breach of statutory duty to report abuse against the Town, Club, Clinton, Walsh, and Sands, see id. ¶¶ 100–106; (8) assault against Keefer, see id. ¶¶ 117–121; (9) battery against Keefer, see id. ¶¶122–125; and (10) violation of 18 U.S.C. § 2255 against Keefer, see id. ¶¶ 126–130. Plaintiff seeks monetary damages. See id. at 26–27.[1]

**B. The Motion**

The following procedural history relates to the pending Motion.

Plaintiff filed the Complaint on August 3, 2021, and the Town filed its answer on October 26, 2021. Dkt. No. 73-1 ("Affidavit") ¶¶ 3–4. The initial conference was not held until November 29, 2022. See Dkt. No. 62 at 1. The pretrial scheduling order ("Scheduling Order") was entered on December 5, 2022. Dkt. No. 65. In the Scheduling Order, the Honorable Daniel J. Stewart, United States Magistrate Judge, ordered parties to complete discovery by July 28, 2023. See id. at 2. The Town submitted its initial disclosures on November 21, 2022. See Aff. ¶ 5; Dkt.

---

[1] All claims against Shenendehowa School District ("School District") were discontinued with prejudice pursuant to an agreement between Plaintiff and the School District. See Dkt. No. 32 ("Stipulation and Order of Discontinuance with Prejudice").

No. 73-4. Plaintiff submitted his initial disclosures on November 22, 2022. See Aff. ¶ 6; Dkt. No. 73-5. The Town submitted revised initial disclosures on November 25, 2022. See Aff. ¶ 7; Dkt. No. 73-6.

Plaintiff did not participate in discovery between the submission of his initial disclosures and the filing of the pending Motion. See Aff. ¶ 8. see also id. ¶¶ 10–18 (stating that Plaintiff did not respond to the Town's discovery demands filed on April 4, 2023, despite reminders provided on May 24, 2023, and on June 8, 2023); id. ¶ 19 (stating that Plaintiff has "not served any discovery demands on the Town"); id. ¶ 21 ("Plaintiff failed to comply with the [Discovery Order] since it was issued on December 5, 2022, two hundred and eighty two (282) days ago – a period of approximately ten (10) months – despite the Town's best efforts to complete discovery in a timely manner."). The Town argues that, as a result of Plaintiff's noncompliance with the Discovery Order, the claims against the Town should be dismissed. See Mot. at 2–7.

The parties disagree about the duration of noncompliance. The Town alleges that Plaintiff failed to participate in discovery for a period of ten months: from the issuance of the Scheduling Order on December 5, 2022, to the filing of the Motion on September 13, 2023. See Mot. at 4. Plaintiff does not dispute that his discovery responses were delayed; rather, he states that those delays were caused by the turnover of multiple attorneys assigned to his case and that, "[i]n the midst of this confusion, it appears that the deadline to seek an extension of the discovery deadline for the instant case was inadvertently missed by the undersigned's office." Resp. at 3. Plaintiff also states that he "served his discovery responses to Defendant Town" before filing his Response. Id. at 1. Thus, Plaintiff alleges that the period of noncompliance should be counted as approximately two months, running from the scheduled closure of discovery on July 28, 2023, to the filing of his Response on October 4, 2023. See id. at 3.

4

Parties also disagree as to whether Plaintiff was warned about dismissal as a possible sanction. Plaintiff notes that he was not warned by the Court that noncompliance could result in dismissal. See id. at 3–4. However, the Town argues that Plaintiff was on notice that noncompliance could result in dismissal, because Local Rule 1.1(d) states that the "[f]ailure of . . . a party to comply with . . . Orders of the Court . . . shall be a ground for sanctions." Mot. at 6 (quoting L.R. 1.1(d)).

## III. STANDARDS OF REVIEW

"Rule 37 governs situations where a party to a civil action fails to cooperate in discovery, and provides for the Court to issue sanctions against such a party." Xstrata Canada Corp. v. Advanced Recycling Technology, Inc., No. 08-CV-1366, 2010 WL 1539722, at *2 (N.D.N.Y. Apr. 19, 2010) (Kahn, J.) (citing Fed. R. Civ. P. 37). "However, the Second Circuit has consistently recognized that Rule 37 sanctions are applicable in extreme circumstances, where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." Kesick v. Ulloa, No. 10-CV-1248, 2012 WL 2873364, at *10 (N.D.N.Y. Jul. 12, 2012) (citing Robertson v. Dowbenko, 443 F. App'x. 659, 660 (2d Cir. 2011)) (internal quotation marks omitted). Dismissal may be imposed "only in extreme circumstances," and "usually after consideration of alternative, less drastic sanctions." John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (upholding dismissal of complaint after failure "to provide any meaningful discovery concerning a core trial issue despite three clear court orders, which included two warnings that dismissal would follow if [the plaintiff] failed to provide adequate responses to [the defendant's] request"); see also Matthews v. Sweeney, No. 17-CV-503, 2024 WL 1558603, at *3 (N.D.N.Y. Apr. 10, 2024) ("This high bar is set because

5

dismissal is considered a 'drastic remedy that should be imposed only in extreme circumstances.'") (citing, *inter alia*, Hull, 845 F.2d at 1176).

While sanctions under Rule 37 are left to the discretion of the district court, the Second Circuit uses the following factors to evaluate whether a district court has abused that discretion: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party has been warned of the consequences of . . . noncompliance." Park v. Kim, 91 F.4th 610, 612 (2d Cir. 2024) (quoting Agiwal v. Mid Island Mort. Corp., 555 F.3d 298, 302 (2d Cir. 2009)).

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action if a "plaintiff fails to prosecute or to comply with [the federal rules] or a court order." Dismissals under Rule 41 for failure to prosecute are "the harshest of sanctions" and should only be used for "extreme situations." Mitchell v. Lyons Prof. Serv., Inc., 708 F.3d 463, 467 (2d Cir. 2013). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to have been prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Wiles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

IV.   DISCUSSION

In its Motion, the Town argues that Plaintiff failed to respond to the Town's Discovery Demands or to seek discovery from the Town before the discovery period elapsed. See Mot. at 2.

### A. Rule 37

In determining whether dismissal is an appropriate sanction under Rule 37, the Court considers the four factors described in Agiwal, 555 F.3d at 302.

First, Plaintiff's failure to engage in discovery does not appear to be willful. Willfulness does not refer to mere failure to comply with a discovery demand, but rather to intentional and conscious choices to not comply with a court's orders. See Mahon v. Texaco Inc., 122 F. App'x 537, 539 (2d Cir. 2005) (finding bad faith and willfulness where the plaintiff "repeatedly failed to heed discovery orders" and "delay[ed] resolution of this case for more than three years" despite "less drastic alternatives to dismissal" including "issuing a stay of proceedings," "providing explicit instructions to [plaintiff] regarding her various discovery obligations; and affording [plaintiff] a final opportunity to comply with discovery after the sanction motion was fully briefed"); Wellington v. Foland, No. 19-CV-457, 2020 WL 6822945, at *2 (N.D.N.Y. Nov. 20, 2020) (finding willfulness where the plaintiff "informed the court that he [did] not intend to supplement his discovery response" in a telephone conference and repeatedly failed to provide responsive materials in violation of multiple court orders). Plaintiff has, at this point, only failed to comply with one discovery order and has offered an explanation for the delay. See Resp. at 3 (discussing the departure of attorneys leading to an "inadvertent" failure to seek an extension of the discovery deadline). The Town has not provided any case law showing that such a mistake crosses into willfulness, and the Court is not persuaded that Plaintiff's counsel's failure to comply with the Discovery Order was an intentional or conscious choice. Accordingly, this factor weighs against dismissal.

Second, there is no indication that lesser sanctions would not remedy Plaintiff's failure to abide by the discovery schedule. Indeed, Plaintiff states that he has already served discovery responses on the Town and asserts his intention to promptly schedule depositions. See Resp. at 3. This District generally finds that lesser sanctions would be inappropriate only where a party cannot be contacted, completely refuses to comply with court orders or discovery, or otherwise shows disinterest in pursuing their case. See Guarneri v. Hassett, No. 23-CV-81, 2023 WL 8436004, at *4 (N.D.N.Y. Oct. 26, 2023) (collecting cases), report and recommendation adopted, No. 23-CV-81, 2023 WL 7878922 (N.D.N.Y. Nov. 16, 2023). The Town states that, since the discovery deadline had already closed by the time Plaintiff provided responses, "it need not engage in Plaintiff's late attempts at discovery, absent an instruction from the Court." Rep. ¶ 18. Additionally, the Town alleges multiple inadequacies with the materials provided in Plaintiff's belated production. See id. ¶¶ 19–23. While the Court takes these points under advisement, it is unpersuaded that these issues cannot be addressed with further instructions and proceedings in front of the Honorable Daniel J. Stewart, United States Magistrate Judge. The Court may consider further sanctions should issues with discovery persist. Accordingly, this factor weighs against dismissal.

Third, the Court looks to the duration of the delay in responding to discovery. Here, the parties dispute the duration of the delay. See Mot. at 5 ("Plaintiff has failed to serve the Town with any form of discovery to date or otherwise prosecute this matter for a period of approximately ten (10) months."); Resp. at 3 (arguing that the period of noncompliance was approximately two months because "the period considered should be from July 28, 2023 when discovery was scheduled to close, not from the date of the Scheduling Order"). The duration of Plaintiff's delay is the time between when discovery was due and when the Motion was filed.

See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 673 F. Supp. 3d 345, 361 (S.D.N.Y. 2023) (rejecting argument that noncompliance began on the date the defendant served requests and using the initial fact discovery deadline as "the appropriate starting point" for determining the period of noncompliance with discovery); 3801 Beach Channel, Inc. v. Shvartzman, No. 05-CV-207, 2007 WL 879668, at *4 (E.D.N.Y. Mar. 21, 2007) (counting duration of noncompliance from court-ordered deadline to produce all outstanding discovery). This period of approximately two months is significantly shorter than the duration of time meriting dismissal in this District. See United States v. $22,555.00 in U.S. Currency, No. 11-CV-1079, 2012 WL 2906835, at *4 (N.D.N.Y. Jul. 16, 2012) (applying the four-month benchmark established by Local Rule 41.2(a) to motions for dismissal under Rule 37(b)); Davis v. Rowe, No. 10-CV-220, 2011 WL 3159133, at *2 (N.D.N.Y. Jul. 26, 2011) (Kahn, J.) (collecting cases supporting the finding that periods of noncompliance shorter than four months generally do not merit dismissal). Accordingly, this delay is too short to weigh in favor of dismissal.

      Fourth, the Court looks to whether Plaintiff has been warned by the Court that his claim might be dismissed for failure to comply with the Discovery Order. Courts in the Second Circuit grant dismissal pursuant to Rule 37 only when a party has been specifically warned *by the court* that their claim could be subject to dismissal. See Funk v. Belneftekhim, 861 F.3d 354, 369 (2d Cir. 2017) ("As this court has recognized, due process requires that courts provide notice and an opportunity to be heard before imposing *any* kind of sanctions . . . In general, such notice should alert the party to the 'particular sanction' under consideration."); Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 766 (2d Cir. 1990) (noting that the Second Circuit's original opinion reversing dismissal of a pro se plaintiff's case for noncompliance with a discovery order "specifically relied on the district court's apparent failure to warn" the plaintiff that dismissal

was a possible sanction); Park v. Kim, No. 20-CV-2636, 2022 WL 4229258, at *9 (E.D.N.Y. Apr. 25, 2022) (recommending dismissal of counselled case pursuant to Rule 37 after the "Court's warning to plaintiff about the consequences of her noncompliance with this Court's discovery Orders has been reiterated several times" and collecting cases), report and recommendation adopted, No. 20-CV-2636, 2022 WL 3643966 (E.D.N.Y. Aug. 24, 2022), aff'd, 91 F.4th 610 (2d Cir. 2024); Tennyson v. Francemone, No. 16-CV-929, 2021 WL 5810319, at *2 (N.D.N.Y. Dec. 7, 2021) (denying dismissal pursuant to Rule 37 after applying the standard established in Bobal to parties represented by counsel). The Federal Rules of Civil Procedure or Local Rules do not provide sufficient warning to justify dismissal pursuant to Rule 37. See Mobius v. Quest Diagnostics Clinical Laboratories, No. 19-CV-499, 2020 WL 3448073, at *4 (W.D.N.Y. Jun. 24, 2020) (denying motion to dismiss pursuant to Rule 37 after the plaintiffs failed to comply with deadlines set by the Federal and Local Rules because the plaintiffs "were not warned by the court prior to their noncompliance"); Kesick, 2012 WL 2873364, at *11 (denying a plaintiff's Rule 37 request for default because the plaintiff "has failed to establish that [the defendants] were warned of the sanction of a default judgment being taken against them if they did not respond" to discovery requests and because the plaintiff did not file a motion to compel or other motion seeking compliance with discovery).

      Plaintiff has not yet been warned by the Court, by order or in a hearing, about the possibility that his claims would be dismissed for failure to participate in the discovery process. See Resp. at 3–4. The Town does not contest this assertion. See generally Mot. The warnings included in Local Rules and the form Discovery Order are not sufficient to create notice. See Mobius, 2020 WL 3448073, at *4. Indeed, such a reading would render this factor irrelevant since all parties before the Court would then be on notice of the possibility of dismissal. Nor

does the Town provide case law supporting its assertion that any warnings they provided to Plaintiff would be sufficient to meet this factor. See Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 452 (2d. Cir. 2013) (reviewing a dismissal pursuant to Rule 37 and "assess[ing] whether the *district court's warnings* . . . were sufficient" and finding that the district court had met this obligation by providing six separate warnings in conferences and orders) (emphasis added); Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (noting that "dismissal or default is justified if the district court finds that the failure to comply with *discovery orders* was due to 'willfulness, bad faith, or any fault' of the party sanctioned") (citing Salauddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986)) (emphasis added). This factor weighs against dismissal.[2]

After reviewing these four factors, the Court finds that dismissal is not merited under Rule 37.

**B. Rule 41(b)**

---

[2] The Town suggests that the requirement to warn applies only to *pro se* litigants, arguing that because Plaintiff was represented by counsel, Plaintiff need not receive a formal warning of the possibility of dismissal beyond what is incorporated in a form discovery order or the Local Rules. See Rep. ¶¶ 5–9. However, the two cases cited by the Town to support this point can be readily distinguished. While the court in Google LLC v. Starovikov noted that counsel is "required to be aware of his discovery obligations and ethical obligations," counsel in that case was both involved in "an active campaign of misrepresentations and evidence spoliation" and received multiple warnings in both a court order and a judicial conference. No. 21-CV-10260, 2022 WL 17414352, at *5–6 (S.D.N.Y. Dec. 5, 2022). The Town is correct that the Second Circuit has noted that "[p]arties and counsel have no absolute entitlement to be 'warned' that they disobey court orders at their peril." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991). However, nothing in Daval prevents the Court from considering whether warnings were provided while conducting a Rule 37 analysis. Further, even after Daval, the Southern District noted in a counselled case that whether a non-compliant party has been warned of possible consequences "has been identified as the most critical of those listed in Agiwal." Loc. Union No. 40 of the Intern. Ass'n of Bridge v. Car-Win Const., 88 F. Supp. 3d 250, 266 (S.D.N.Y. 2015). Accordingly, the Court takes the lack of a provided warning into consideration.

Rule 41(b) permits dismissal of an action where a plaintiff fails to prosecute their case. The Court has considered the five factors described in Baptiste, 768 F.3d at 216, and determines that dismissal under Rule 41(b) is not merited.

First, the Court looks to the duration of the delay. As discussed above, the Court finds that Plaintiff's period of noncompliance was two months. This duration falls short of the guidelines in favor of dismissal established by this District's case law and Local Rules. See Davis, 2011 WL 3159133, at *2 (noting that a prior order found the duration of a plaintiff's failure to be between two and five months and that period was "insufficiently long to weigh in favor of dismissal") (collecting cases). While the Court acknowledges that Plaintiff has been slow to respond to the Town's discovery requests, the length and nature of this delay is not so egregious as to merit dismissal. See Mahadi v. Johnson Controls, Inc., No. 02-CV-1256, 2003 WL 21244545, at *3 (E.D.N.Y. Apr. 25, 2003) (finding that a delay of several months "certainly is of less duration than that typically found to warrant dismissal with prejudice"); see also N.D.N.Y. L.R. 41.2 ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed . . . the plaintiff's failure to take action for four [4] months shall be presumptive evidence of lack of prosecution."). This factor weighs against dismissal.

Second, as discussed above, Plaintiff has not been warned by the Court that dismissal for failure to comply with discovery deadlines could result in dismissal. Cf. La Grande v. Bimbo Bakeries USA, No. 15-CV-275, 2018 WL 10801618, at *3, 5 (N.D.N.Y. Jan. 12, 2018) (noting that "La Grande has been given repeated warnings throughout this litigation," including a memorandum-decision and order stating that "La Grande is warned that his failure to comply with any future orders from the Court will not be tolerated" and "[n]on-compliance will result in

sanctions that may include dismissal of the remainder of this action with prejudice"). Accordingly, this factor weighs against dismissal.

Third, the Town has not pointed to any specific prejudice that it has suffered or will suffer due to this delay. It is not enough to merely state that delay increases the likelihood that evidence will become unavailable or that it makes litigation more difficult, since a defendant must "identify specific pieces of evidence that they have reason to believe have disappeared" or "specify which of their defenses might be compromised." Baptiste, 768 F.3d at 218. The Town has not done so.

Fourth, contrary to the Town's assertions, this case has not strained the Court's docket in any particular way. While the case has been pending for multiple years, "plaintiff's failure to prosecute this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). Since there is no "compelling evidence of an extreme effect on court congestion," Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), this factor does not weigh in favor of dismissal.

Fifth, as discussed above, this Court has not yet discussed the possibility of lesser sanctions for failure to comply with discovery. While the Court may consider future sanctions should difficulties with discovery persist, Plaintiff has recently participated in discovery, albeit after the discovery deadline, and has stated his intention to continue participating. This counsels against further imposition of sanctions at this time.

In summary, the Town has not demonstrated that dismissal is justified under Rule 37 or Rule 41(b). The Town's Motion is denied.

V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant Town of Clifton Park's motion to dismiss, Dkt. No. 73, is **DENIED**, and it is further

**ORDERED**, that this case is referred back to the Honorable Daniel J. Stewart, United States Magistrate Judge, for further proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	July 1, 2024
	Albany, New York

LAWRENCE E. KAHN
United States District Judge